FARMER, Judge,
dissenting.
In this rule 3.850 proceeding, the evidence establishes without contradiction that appellant’s lawyer advised him that he qualified for youthful offender treatment, even though he was well past his 21st birthday when the offense was committed, and that if he would plead guilty he would receive not more than 4 years incarceration plus 2 years probation with youthful offender treatment, provided he furnished substantial assistance in helping to convict his supplier or someone of equal standing. The evidence also indisputably shows that his lawyer was himself at that time hopelessly addicted to cocaine, and that shortly after the change of plea the lawyer was suspended by the supreme court for narcotics abuse.
Appellant pled guilty and, not surprisingly, was denied youthful offender treatment because of his age. Instead he was sentenced to the mandatory minimum of 15 years in prison without parole. Soon after sentencing he sought to withdraw his plea on the grounds that it was involuntary but that was denied. He appealed the conviction and denial of change of plea, but we affirmed without opinion.
He lately brought this rule 3.850 proceeding, which the trial court denied as insufficient because the essential point was deemed raised on the earlier appeal as being apparent on the face of the record. Also the court found that the state would not have objected to youthful offender treatment, even if unauthorized under the statute because of age, so long as appellant satisfied the substantial assistance requirement.
When the prior appeal was taken, there was none of the evidence now extant about his lawyer’s advice, his lawyer’s drug addiction, or the lawyer’s suspension. Indeed it was only the lawyer’s testimony at the rule 3.850 hearing which first established these facts and that appellant relied on the lawyer’s advice in changing his plea to guilty. How those facts could be deemed to have been raised and considered on the direct appeal from the conviction and denial of change of plea is simply beyond me.
There is no question in my mind that the lawyer’s advice about youthful offender treatment constitutes ineffective assistance of counsel. In fact, appellant might have had legal advice equally as effective simply by reading the phone book or consulting a ouija board or tarot cards. Thus there can be no serious suggestion that the threshold for this kind of rule 3.850 relief — that the legal representation was deficient — has not been proved.
The majority focuses on the substantial assistance requirement to show that the ineffectiveness was harmless. They rely on the court’s finding that the state attorney would not have objected to the unauthorized youthful offender treatment if appellant had only supplied the substantial assistance called for in the plea bargain. To be sure, advising any plea with that condition while knowing that the defendant’s source was already beyond the earthly judgment of criminal conviction and punishment is as equally deficient as his belief that he qualified for youthful offender treatment because his mental age was under 21.
Quite apart, however, from appellant’s unrefuted testimony — that he never could have assisted in a conviction of his source because the source was dead — is the inescapable fact that if he had gone to trial on the charge and been acquitted, there would *813 have been no assistance to give to the prosecutors, substantial or otherwise. The real ineffectiveness was thus the lawyer’s incomprehensible advice to consider any plea at all under these circumstances.
That cannot be said to have been harmless by any stretch of the legal imagination. It was the most critical act of legal representation up to that point. Appellant had nothing to lose by going to trial and everything to gain. The state had the burden of proving his guilt beyond a reasonable doubt, and the jury might have returned a verdict of not guilty purely out of sympathy for him. Because of his lawyer’s utterly deficient advice he lost even that, his only available chance. I cannot imagine legal assistance more ineffective.
I respectfully dissent.